IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EMILY. RYO, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-1166 (TJK) |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND | ) | |
| SECURITY, *et al.,* | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 8, Federal Rules of Civil Procedure, Defendants United States Department of Homeland Security ("DHS"), United States Customs and Border Protection ("CBP"), and United States Immigration and Customs Enforcement ("ICE"), by and through their undersigned counsel, hereby answers the Complaint ("Complaint") filed by Plaintiff, Emily Ryo ("Plaintiff") on  May 5, 2020, as follows:

## FIRST DEFENSE

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known through the course of the litigation.

## SECOND DEFENSE

The information that Defendants have withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or in part from public disclosure under FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, *et seq.*

## THIRD DEFENSE

As to some, or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief may be granted under the FOIA.

## FOURTH DEFENSE

Plaintiff is not entitled to an award of attorneys' fees or other litigation costs.

## DEFENDANTS' RESPONSES TO THE NUMBERED PARAGRAPHS

In response to the enumerated paragraphs, as set forth in the Complaint, Defendants admit, deny and otherwise aver as follows.  Any allegations not specifically admitted herein are hereby denied.

## COMPLAINT[1]

1.      The allegations contained in paragraph 1 consist of Plaintiff's characterization of this action, to which no response is required.  To the extent that a response is required, Defendant ICE admits that Plaintiff submitted Freedom of Information Act ("FOIA") requests to ICE and purports that this is an action brought under the FOIA, 5 U.S.C. § 552, and denies the remaining allegations.

## JURISDICTION AND VENUE

2.      The allegation contained in paragraph 2 constitutes Plaintiff's conclusions of law as to subject matter jurisdiction, to which no response is required.  To the extent that a response is

---

[1]  Merely for ease of reference, Defendants' Answer replicates the headings contained in the Complaint.  Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

required, Defendants admit that this action purports to be brought under the FOIA, 5 U.S.C. § 552 (a)(4)(B), and 28 U.S.C. § 1331.

3.       The allegation contained in paragraph 3 constitutes Plaintiff's conclusion of law as to venue, to which no response is required.  To the extent that a response is required, Defendants admit that 5 U.S.C. § 552 (a)(4)(B) governs venue in actions brought under the FOIA.

4.       The allegations contained in paragraph 4 constitute Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

## PARTIES

5.       The allegations contained in paragraph 5 characterizes the Plaintiff, to which no response is required.  To the extent that a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6.       Defendants admit that the Department of Homeland Security ("DHS") is an agency of the federal government and that CBP and ICE are components of DHS but denies the remaining allegation.

7.       Defendants CBP admits that it is a component of DHS and CBP is an agency of the federal government.  Defendant CBP denies the remaining allegations.

8.       Defendant ICE admits that it is a component of DHS and that ICE is an agency of the federal government.  Defendant ICE denies the remaining allegations.

## STATEMENT OF FACTS
### 2017 ICE Detention Data FOIA Request

9.       Defendant ICE admits that it received Plaintiff's FOIA request dated October 11, 2017, and respectfully refers the Court to the cited FOIA request for a complete and accurate

description of its contents.

10.     Defendant ICE admits that it received Plaintiff's FOIA request, dated October 11, 2017, and respectfully refers the Court to the cited FOIA request for a complete and accurate description of its contents.

11.     Defendant ICE admits that it acknowledged Plaintiff's FOIA request, dated October 11, 2017, and respectfully refers the Court to ICE's acknowledgement letter for a complete and accurate description of its contents.

12.     Defendant ICE admits that it received Plaintiff's email, dated April 23, 2018, and respectfully refers the Court to the cited email for a complete and accurate description of its contents.  Defendant ICE is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

13.     Defendant ICE admits the allegations contained in paragraph 13.

14.     Defendant ICE is without knowledge or information sufficient to form a belief as to the truth of when Plaintiff received ICE's production. For the remaining allegations contained in this paragraph, Defendant ICE admits that the DVD contained information in response to Plaintiff's 2017 FOIA request.

15.     Defendant ICE admits that it received Plaintiff's FOIA request appeal, dated July 10, 2018, and respectfully refers the Court to the cited appeal for a complete and accurate description of its contents.

16.     Defendant ICE admits the allegations contained in this paragraph and respectfully refers the Court to the cited appeal letter for a complete and accurate description of its contents.

17.     Defendant ICE admits the allegations contained in this paragraph.

18.     Defendant ICE admits the allegations contained in this paragraph.

19.     Defendant ICE admits the allegations contained in this paragraph.

20.     Defendant ICE admits the allegations contained in this paragraph.

*2019 Supplemental Detention Data FOIA Request*

21.     Defendant ICE admits that it received Plaintiff's FOIA request, dated October 9, 2019, and respectfully refers the Court to the cited FOIA request for a complete and accurate description of its contents.

22.     Defendant ICE admits that it received Plaintiff's FOIA request, dated October 9, 2019, and respectfully refers the Court to the cited FOIA request for a complete and accurate description of its contents.

23.     Defendant ICE admits the allegations contained in this paragraph and respectfully refers the Court to the cited acknowledgement letter for a complete and accurate description of its contents.

24.     Defendant CBP admits the allegations contained in this paragraph.

25.     Defendant CBP admits the allegations contained in this paragraph.

26.     Defendant CBP admits the allegations contained in this paragraph.

27.     This paragraph consists of Plaintiff's characterization of the FOIA appeal and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant CBP lacks knowledge or information sufficient to form a belief as to the truth of the allegations.   Given the stay at home orders in the national capital region, commencing in March 2020, all CBP FOIA employees are on full-time telework until further notice and have not processed appeals received by mail.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation.  Given the stay at home orders in the national capital region, commencing

in March 2020, all CBP FOIA employees are on full-time telework until further notice and have not processed appeals received by mail.

29.     Defendant CBP admits the allegations contained in this paragraph.

30.     Defendant ICE admits the allegations contained in this paragraph.

31.     Defendant ICE admits the allegations contained in this paragraph.

32.     Defendant CBP admits that it received Plaintiff's FOIA request, dated April 1, 2020, and respectfully refers the Court to the cited FOIA request for a complete and accurate description of its contents.

33.     This allegation consists of Plaintiff's characterization of the April 1, 2020 FOIA request.  Defendant CBP respectfully refers the Court to the cited FOIA request for a complete and accurate description of its contents.

34.     Defendant CBP admits the allegations contained in this paragraph.

35.     Defendant CBP admits the allegations contained in this paragraph.

36.     The allegations contained in paragraph 36 constitute Plaintiff's conclusions of law to which no response is required.  To the extent that a response is required, Defendant ICE denies the allegations.

37.     The allegations contained in paragraph 37 constitute Plaintiff's conclusions of law to which no response is required.  To the extent that a response is required, Defendant ICE denies the allegations.

38.     Defendant CBP admits the allegations contained in this paragraph.

39.     The allegations contained in paragraph 39 constitute Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendant CBP admits that

is has yet to produce records in response to Plaintiff's April 1, 2020 FOIA request. Defendant CBP denies the remaining allegations.

40.     The allegations contained in paragraph 40 constitute Plaintiff's conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

## COUNT I
## Violation of FOIA 5 U.S.C. 552
## Failure to Conduct Adequate Searches for Records

41.     Defendants incorporate by reference its response to paragraphs 1 through 40 above.

42.     The allegations contained in paragraph 42 constitute Plaintiff's conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

43.     The allegations contained in paragraph 43 constitute Plaintiff's conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

44.     The allegations contained in paragraph 44 constitute Plaintiff's conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

45.     The allegations contained in paragraph 45 constitute Plaintiff's conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

46.     The allegations contained in paragraph 46 constitute Plaintiff's conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

## COUNT II
## Violation of FOIA, 5 U.S.C. 552
## Wrong Withholding of Non-Exempt Responsive Records

47.     Defendants incorporate by reference its response to paragraphs 1 through 46 above.

48.     The allegations contained in paragraph 48 constitute Plaintiff's conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

49.     The allegations contained in paragraph 49 constitute Plaintiff's conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

50.     The allegations contained in paragraph 50 constitute Plaintiff's conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

51.     The allegations contained in paragraph 51 constitute Plaintiff's conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

52.     The allegations contained in paragraph 52 constitute Plaintiff's conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

53.     The allegations contained in paragraph 53 constitute Plaintiff's conclusions of law to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

The remainder of Plaintiff's Complaint consists of Plaintiff's Prayer for Relief, to which no response is required.  To the extent this paragraph is deemed to contain factual allegations, Defendant denies those allegations and denies that Plaintiff is entitled to any relief.

WHEREFORE, having fully answered, Defendants respectfully request that, upon completion of the search for, and processing of, any requested agency documents that may exist, the Complaint be dismissed with prejudice and that this Court award Defendants such other and further relief as the Court may deem just and proper.

Respectfully submitted this 11th day of June, 2020.

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney
District of Columbia

DANIEL F. VAN HORN,
D.C. BAR # 924092
Chief, Civil Division

By:      /s/*Kristin D. Brudy-Everett*
KRISTIN D. BRUDY-EVERETT
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 252-2536
Kristin.Brudy-Everett@usdoj.gov